Hall, J.
The charter of the city of Savannah invests it with full power and authority to make such assessments and lay such taxes' on •the inhabitants thereof and those who hold taxable property within the same, or who transact or offer to transact business therein, as they may deem expedient for the safety, benefit, convenience or advantage of the city, and to enforce the collection thereof in such manner as they may prescribe. This power extends not only to real and personal property, but to capital invested in the city, stocks in money corporations, choses in action, income and commissions derived from the pursuit of any profession, faculty, trade or calling, dividends, bank, insurance, express and other agencies, and all other property or sources of profit, not expressly prohibited or exempt by state law or competent authority of the United States :
Held, that the municipal authorities could change an ordinance imposing a special tax upon a particular class of dealers, by increasing the rate, after the tax first levied had been paid, but before the expiration of the time for returning and paying the same; and such a change made between the date of the payment and the time when its collection could have been enforced, was not unlawful. Code, §4817 ; 62 Ga., 646 ; 53 Id., 115 ; 7 Pick., 24.
(a) Taxation is not a contract, nor does the payment of such a tax *260 vest in a party making it any right of freedom from a future levy or assessment. 70 Ga., 18 (h. n. 8), 32 to 36 and citations; Id., 107 (h. n. 3).. 123, 124 and citations.
H. C. Cunningham, for plaintiffs in error.
J. R. Saussy, John L. Schley, for defendants.
(b) An injunction should not have been granted to stay the collection of such a tax, and a bill filed for that purpose, was demurrable.
Judgment reversed.